IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIBEL CASTILLO | § | |
|    Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO.  5:24-cv-47 |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB | § | |
|    Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of CIM 2022-NR1 improperly named as Wilmington Savings Fund Society, FSB ("**Trustee**" or "**Defendant**") hereby removes this case from the 285th District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.  Defendant denies the claims and damages alleged in Plaintiff's Original Petition and files this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## I.    INTRODUCTION

1.    On or about December 28, 2023, Plaintiff, Maribel Castillo ("**Plaintiff**") commenced this action by filing Plaintiff's Original Petition (the "**Complaint**"), Cause No. C-1555-22-F; In the 285th District Court, Bexar County, Texas (the **"State Court Action"**).[1]  On the same date, Plaintiff obtained an ex parte Temporary Restraining Order in the State Court Action.[2]  On January 10, 2024, Defendant filed its Answer in the State Court Action.[3]  The State

---

[1]    See Exhibit C-1.
[2]    See Exhibit C-2.
[3]    See Exhibit C-4.

Court Action was filed for purposes of preventing a foreclosure sale on real property that serves as collateral for a loan secured by real property.[4]

2.      Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendant's first receipt of the initial state court pleading.[5]

## II.      PLEADINGS AND NOTICE TO STATE COURT

3.      True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a).  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.      BASIS FOR REMOVAL

4.      This action is within the original jurisdiction of the United States District Court based on diversity jurisdiction.  Furthermore, venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

## IV.      DIVERSITY JURISDICTION

### A.      Citizenship of the Parties.

5.      This civil action involves a controversy between citizens of different states. Plaintiff resides in and is domiciled in of the State of Texas and is therefore a citizen of Texas for diversity purposes.[6]

---

[4]      See Complaint generally and at ¶¶23-31 requesting injunctive relief.
[5]      *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).
[6]      *See* Complaint at p. 1 under "PARTIES"; *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

6.      Wilmington Savings Fund Society, FSB, is the trustee of a trust.   When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[7]   Wilmington Savings Fund Society, FSB, is a federal savings bank chartered under the laws of the United States. Wilmington's home office is located in Delaware, and therefore it is a citizen of Delaware for diversity purposes.[8]   Wilmington Savings Fund Society and thus Trustee are citizens of Delaware for diversity purposes and are diverse in citizenship from Plaintiff, who is a citizen of Texas for diversity purposes.

**B.      Amount in Controversy.**

7.      This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[9]  Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[10]

8.      When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[11]  If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[12]   The removing party satisfies this

---

[7]    *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).
[8]    See 28 U.S.C. § 1446(x).
[9]    *See* 28 U.S.C.A. § 1441(a).
[10]   *See* 28 U.S.C.A. § 1332(a).
[11]   *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[12]   *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).

burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[13]

9.      In this instance, Plaintiff's Complaint makes it apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff seeks to stop Defendant from foreclosing on property located at 9874 Alexa Place, San Antonio, Texas 78251 (the "**Property**").[14]  The value of the Property exceeds $75,000.00.[15]

10.      Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[16]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[17]  Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and the right to foreclose on the Property.[18]

11.      "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[19]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[20]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[21]  The value of the subject property in this instance for

---

[13]  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[14]  See Complaint generally and Prayer requesting injunctive relief.
[15]  See Exhibit D.
[16]  *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[17]  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[18]  See Complaint generally and Prayer requesting injunctive relief.
[19]  *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).
[20]  *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[21]  *See Berry v. Chase Home Fin., LLC*, No. CIV. A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

diversity purposes is no less than $250,022.00 per the Bexar County Appraisal District[22]  The value

of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity

purposes.  Additionally, Plaintiff seeks damages for actual damages and attorney's fees which also

are considered for purposes of amount in controversy for diversity purposes, if necessary.[23]

Defendant has met its burden in establishing the amount in controversy for purposes of Diversity

Jurisdiction.

## V.    JURY DEMAND

12.    Plaintiff has made no known jury demand in the State Court Action.

## VI.    CONCLUSION

13.    For the foregoing reasons, Defendants ask the Court to remove this suit to the

United States District Court, Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
       Michael F. Hord, Jr.
       Texas Bar No. 00784294
       Federal I.D. No. 16035
       Eric C. Mettenbrink
       Texas Bar No. 24043819
       Federal I.D. No. 569887
       HIRSCH & WESTHEIMER, P.C.
       1415 Louisiana, 36th Floor
       Houston, Texas 77002-2772
       Telephone 713-220-9182
       Facsimile 713-223-9319
       E-mail: mhord@hirschwest.com
       Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

---

[22]    See Exhibit D.
[23]    See *Christiana Trust v. Henderson*, 181 F. Supp. 3d 375, 378 (S.D. Tex. 2016).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of January, 2024, a true and correct copy of Defendant's Notice of Removal was forwarded as follows:

Ramon S. Rodriguez Jr.
Rodriguez & Garza, P.L.L.C.
P.O. Box #1635
Helotes, Texas 78203
**Via ECF and Email**


                    /s/ Michael F. Hord Jr.
                    Michael F. Hord Jr.